## SUPERIOR COURT OF BALTI- MORE CITY.

Filed July 28, 1919.

HARRY GRAUEL
VS.
CHARLES H. OSBORNE.

*J. LeRoy Hopkins* and *Daniel C. Joseph* for petitioner.

*Robert F. Leach, Jr.*, for respondent.

BOND, J.—

The evidence here shows that after the permit was made out in written form, but not delivered, the successor in the office of Mayor caused it to be withheld because in his opinion the proposed structures would not be in harmony with those already built in the neighborhood and would consequently tend to depreciate the value of surrounding property. The situation created by this action seems to be the same in principle as that which would be created by refusal on the same ground immediately upon application for the permit. It would be proper for the Mayor, and within his power, I think, to cause a permit to be withheld at any time before delivery, even after it has been approved as required by law, if that action is based upon legally supportable grounds. The only question the court has to consider upon petition of the landowner is the propriety of the ground of the Mayor's withholding. This ground is, as has been said, made clear by the evidence. And the decisions of the Court of Appeals clearly hold that merely upon such grounds a permit cannot be denied to a landowner. Byrne vs. Maryland Realty Co., 129 Md. 202.

The defense that the application for the permit was defective in that names were misplaced in it, is, I think, without merit. I see no reason why such misplacement should be treated as material.

The writ of mandamus will be issued as prayed.